UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

KATHY PIERRE,

                              Plaintiff,

        v.                                3:05-cv-0332

COUNTY OF BROOME, et al.,

                              Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THOMAS J. McAVOY
Senior United States District Judge

## DECISION and ORDER

        Plaintiff commenced the instant action on March 16, 2005. As such, FED. R. CIV. P. 4(l) and (m) required that proof of service be filed with the Court within one hundred and twenty days thereafter, or on or before July 14, 2005. Plaintiff did not effectuate service on Defendant Butt within that time. Plaintiff did effectuate service on Butt on June 26, 2006, nearly one year late. Defendant Butt now moves to dismiss pursuant to Rule 4(m). Plaintiff cross-moves for leave to file an amended complaint adding new defendants.

        Rule 4(m) provides that "[i]f service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion . . . shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period." Plaintiff

contends that this action should not be dismissed against Butt because she sent a waiver of service pursuant to Rule 4(d) and that, once it became clear that Butt was not going to sign the waiver, she retained a process server to effectuate service. There is no indication in the record that Plaintiff contacted a process service or that the process server made any attempt to serve Butt before October 2005, more than two months *after* the 120 day period expired. When Plaintiff did not receive a completed affidavit of service, she should have known that service of process remained outstanding. Plaintiff, through her attorneys, continues to state that "[b]y December 2005 she was under the impression that service was no longer an issue." Prehaut Aff. at ¶ 7. This impression is purported to have been based upon a telephone conversation between Michelle, from Defendants' counsel's office, and Brian, from Plaintiff's counsel's office wherein it is claimed that Michelle agreed to accept service on behalf of the individual defendants. The record of that purported telephone call, however, does not support this proposition. Curiously, Plaintiff does not submit an affidavit from either Michelle or Brian to substantiate this claim. In any event, even if Michelle did agree to accept service, Plaintiff failed to file proof of service as required by Rule 4(l) or to otherwise provide a waiver of service to the Court in opposition to the current motion to dismiss. It is, thus, clear that service was not timely effectuated, a fact about which Plaintiff should have been well aware. Moreover, the Court finds that Plaintiff's explanations for the failure to timely effectuate service do not constitute "good cause." Attorney neglect is not good cause. See McGregor v. United States, 933 F.2d 156, 159-60 (2d Cir. 1991).

      This case is very similar to the unpublished case of Johnson v. New York City Bd. Of Educ., 23 Fed. Appx. 70 (2d Cir. 2001). In that case, like this one, the plaintiff sent

a waiver of service, did not receive an executed waiver, and did not thereafter attempt to traditionally serve the complaint until several months after the 120 day period had expired. The Second Circuit found that the plaintiff had failed to demonstrate good cause and that it was not an abuse of discretion to dismiss the complaint. The same result is warranted here.

Contrary to Plaintiff's argument, it is irrelevant that Butt may have actually known about the litigation. Id. at * 1. It similarly is irrelevant that Plaintiff may have served an amended complaint in March 2006. "[F]iling an amended complaint in itself does not toll the service period, thereby providing an additional 120 days for service." 4A Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1137, at 377 (2002); see also Carmona v. Ross, 376 F.3d 829 (8th Cir. 2004). Because Plaintiff failed to timely effectuate service of process and failed to demonstrate good cause for the failure to do so, Defendant Butt's motion to dismiss based on untimely service of process is GRANTED.

Butt also moves to dismiss on the ground that Plaintiff failed to exhaust her administrative remedies. Plaintiff failed to respond to this part of Butt's motion to dismiss. The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." The PLRA's exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532, 122 S. Ct. 983 (2002). "[A]

court considering dismissal of a prisoner's complaint for non-exhaustion must first establish from a legally sufficient source that an administrative remedy is applicable and that the particular complaint does not fall within an exception." Mojias v. Johnson, 351 F.3d 606, 610 (2d Cir. 2003).

Because Butt did not establish from a legally sufficient source that an administrative remedy is applicable and that the Complaint does not fall within an exception, the Court cannot now dismiss the Complaint for failure to comply with the PLRA. However, the issue of exhaustion has now been raised, the Complaint makes no mention of exhausting administrative remedies, and, as noted, Plaintiff failed to respond to that portion of Butt's motion to dismiss for failure to comply with the PLRA. Accordingly, the Court hereby directs Defendants to file with the Court, within fourteen days of the date of this order, proof of any available administrative remedies and a memorandum of law explaining whether they believe Plaintiff's Complaint falls within any exceptions. Plaintiff shall file with the Court, within twenty-eight days of the date of this order, responsive papers similarly addressing the availability of any administrative procedures and whether Plaintiff's Complaint falls within an exception. No reply papers will be permitted. This matter shall be placed on the Court's September 11, 2006 motion calendar in Albany, New York.

It would be premature to rule on Plaintiff's cross-motion to file an amended complaint until such time as the Court is satisfied that Plaintiff has complied with the requirements of the PLRA. Accordingly, the cross-motion is denied with leave to renew before the assigned Magistrate Judge if this matter is not dismissed for failure to comply

with the PLRA.  In their filings with the Court as directed above, the parties shall address the issue of exhaustion as it applies to the proposed new defendants.

**CONCLUSION**

For the foregoing reasons, Defendant Butt's motion is GRANTED and the Complaint is DISMISSED as to him without prejudice.  Within fourteen days of the date of this Order, Defendants shall file papers addressing the availability of any administrative remedies and the applicability of any exceptions (including whether Plaintiff exhausted her administrative remedies as to the proposed new defendants).  Within twenty-eight days of the date of this Order, Plaintiff shall file responsive papers addressing the availability of any administrative remedies and the applicability of any exceptions (including whether Plaintiff exhausted her administrative remedies as to the proposed new defendants).  The Clerk of the Court shall make this issue returnable on the Court's September 11, 2006 motion calendar in Albany, New York.

IT IS SO ORDERED.

Dated:  August 1, 2006

Thomas J. McAvoy
Senior, U.S. District Judge